An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CENTER OF HOPE CHRISTIAN
FELLOWSHIP, LOCAL CHURCH OF
GOD IN CHRIST, A DOMESTIC NON-
PROFIT NEVADA CORPORATION,
Petitioner,
vs.
WASHOE COUNTY, NEVADA, BY AND
THROUGH SHERIFF OF WASHOE
COUNTY, MICHAEL HALEY,
Respondent,
and
DCR REAL ESTATE III SUB I, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY,
Real Party in Interest.

No. 62494

**FILED**

MAR 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DENYING PETITION FOR
### WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibitions challenging the Sheriff of Washoe County's execution of a writ of restitution.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); see NRS 34.160. A writ of prohibition may be granted when the district court exceeds its jurisdiction. NRS 34.320. It is within this court's discretion to determine whether a writ petition will

 

13-07869

be considered. <u>Smith v. District Court</u>, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. <u>Pan v. Dist. Ct.</u>, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Writ relief is typically available, however, only when there is no plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170; NRS 34.330. Moreover, this court has held that the right to appeal is generally an adequate legal remedy precluding writ relief. <u>Pan</u>, 120 Nev. at 224, 88 P.3d at 841.

In the underlying unlawful detainer action, after real party in interest DCR Real Estate III Sub I, LLC applied for an order to show cause why a temporary writ of restitution should not issue under NRS 40.300, the district court, without requiring a bond or holding a trial, entered judgment in favor of DCR and issued a permanent writ of restitution, directing respondent Sheriff of Washoe County to remove petitioner from the property. <u>Cf.</u> NRS 40.300 (setting forth the procedures that must be followed in an unlawful detainer action for the issuance of a temporary writ of restitution, including notice, hearing, and a bond). The Sheriff executed the writ of restitution on January 3, 2013, and gave notice to petitioner's attorney via personal service on January 7, 2013. <u>Cf.</u> NRS 21.076 (setting forth mandatory requirements that notice be sent by mail the next business day); NRS 40.425 (setting forth mandatory notice and service requirements for a writ of restitution). Petitioner timely appealed from the district court's judgment granting the writ of restitution under NRS 40.380. <u>See</u> <u>Center of Hope Christian Fellowship v. DCR</u>, Docket No. 62367.

In this writ petition, petitioner named the Sheriff as the respondent. The Sheriff, however, has already delivered possession of the

SUPREME COURT
OF
NEVADA

(O) 1947A

subject property to DCR, and the Sheriff has no further duties relating to enforcement of the writ of restitution. Accordingly, there is nothing that this court can mandate the Sheriff to do, or prohibit the Sheriff from doing. NRS 34.160; NRS 34.330. Moreover, because petitioner appealed from the district court's judgment and permanent writ of restitution, petitioner can make any arguments related to the writ of restitution and its execution in its appeal. Accordingly, because we cannot grant petitioner the relief it seeks, and because petitioner has an adequate remedy in the form of an appeal, Pan, 120 Nev. at 224, 88 P.3d at 841, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Tory M. Pankopf
Washoe County District Attorney/Civil Division
Gordon Silver/Reno

---

[1]On February 28, 2013, and March 6, 2013, petitioner filed motions for extensions of time to file its reply. Having considered those motions, we grant them. Accordingly, the clerk of this court shall file petitioner's reply provisionally received on March 6, 2013.

